**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000835
15-AUG-2019
08:28 AM**

NO. CAAP-17-0000835

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS
SERVICING LP, Plaintiff-Appellee,
v.
CHARITO LABRADOR HERMANO, Defendant-Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0276)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a foreclosure action, Defendant-Appellant Charito Labrador Hermano (Hermano) appeals from the October 16, 2017 "Order Denying Defendant Charito Labrador Hermano's Motion to Vacate the Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed March 5, 2013; and the January 31, 2013 Order Dismissing the Counterclaim, Filed March 16, 2017" (Order Denying

Motion to Vacate), filed in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Hermano argues that the circuit court erred by declining to apply the legal principles established in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) (Reyes-Toledo I) to the instant matter, and as a result violated her constitutional rights to due process and equal protection of the laws.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Hermano's appeal is without merit.

On January 31, 2012, Plaintiff-Appellee Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP (Bank of America) initiated this foreclosure action in the circuit court,[2] seeking to foreclose upon Hermano's property.

On October 22, 2012, Hermano filed an answer and counterclaim. Hermano's counterclaim asserted several counts arising from the contention that Bank of America was not the owner and holder of the subject note and mortgage: (1) wrongful foreclosure; (2) declaratory relief; (3) quiet title; and (4) unfair and deceptive trade practices.

On January 31, 2013, the circuit court filed its "Order Granting Counterclaim Defendant's Motion to Dismiss Counterclaim Filed on October 22, 2012" (Order Dismissing Counterclaim).

On November 14, 2013, the circuit court filed its "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for

---

[1] The Honorable Jeanette H. Castagnetti presided over the proceedings pertaining to the Order Denying Motion to Vacate.

[2] The Honorable Bert I. Ayabe presided.

2

Interlocutory Decree of Foreclosure Filed March 5, 2013" (Summary Judgment/Foreclosure Decree), in favor of Bank of America. The circuit court also entered Judgment pursuant to the Summary Judgment/Foreclosure Decree (Foreclosure Judgment) on the same day.

On December 12, 2013, Hermano appealed from the Foreclosure Judgment. This court, in Bank of America, N.A. v. Hermano, No. CAAP 13-0006069, 2016 WL 3524547 (Haw. App. June 22, 2016) (SDO) (Hermano I), cert. denied, SCWC-13-0006069, 2016 WL 5231842 (Haw. Sept. 22, 2016), affirmed the circuit court's Foreclosure Judgment. In that prior appeal, we, *inter alia*, affirmed the circuit court's dismissal of Hermano's counterclaim and declined Hermano's argument that Bank of America had no standing to bring the foreclosure action. Id. at *4, *8. The Hawai'i Supreme Court denied Hermano's application for writ of certiorari. Bank of America, N.A. v. Hermano, SCWC-13-0006069, 2016 WL 5231842 (Haw. Sept. 22, 2016).

Subsequent to our decision in Hermano I and rejection of the application for writ of certiorari, the Hawai'i Supreme Court issued its decision in Reyes-Toledo I, holding that in order to establish a right to foreclose in a judicial foreclosure action, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i at 367-70, 390 P.3d at 1254-57.

On March 16, 2017, shortly after the supreme court filed its Reyes-Toledo I decision, Hermano filed a motion to vacate the Summary Judgment/Foreclosure Decree and the Order Dismissing Counterclaim (Motion to Vacate), pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b), asserting that Reyes-Toledo I resolved the very issues Hermano raised in her counterclaim and in her opposition to the Summary Judgment/Foreclosure Decree. In Hermano's memorandum in support of her Motion to Vacate, Hermano argued:

> The [Summary Judgment/Foreclosure Decree] must be vacated under [HRCP] Rule 60(b)(2),(3),(4) and (6) because of newly discovered case law, misconduct of the adverse party, and misrepresentation claiming that they owned Defendant's mortgage and note. Therefore the judgment is void. The Hawai['[]i Supreme Court opinion [in Reyes-Toledo I] is a valid reason justifying vacating all of those decisions of this Court. In addition, the Court should also vacate the [Order Dismissing Counterclaim] because that issue was also resolved by the Reyes-Toledo [I] case sending the issue back to the Intermediate Court of Appeals [(ICA)] for further review when the ICA determined it lacked jurisdiction to review that appeal on the dismissal of Reyes-Toledo's counterclaim.

The circuit court issued its Order Denying Motion to Vacate on October 16, 2017. In denying the Motion to Vacate, the circuit court rejected Hermano's request to apply Reyes-Toledo I retroactively. The circuit court found:

> In moving to dismiss [Hermano's] Counterclaim filed November 28, 2012, [Bank of America] relied on well-established precedent in arguing that production of the original Note was not required to initiate foreclosure proceedings. Similarly, [Bank of America] relied on well-established precedent that it was only required to establish its entitlement to enforce the Note when moving for Summary Judgment, not when it initiated the foreclosure proceedings. Plaintiff significantly relied upon well-established precedent, which is now at odds with Reyes-Toledo [I], in both instances.
>
> . . . .
>
> [Bank of America's] reliance on the well-established precedent prior to Reyes-Toledo was significant and [Bank of America] could not have foreseen that the law would drastically change. Given that [Bank of America] would have been substantially prejudiced by the retrospective application of the new legal principles established in Reyes-Toledo [I], such prejudice can be avoided by giving those principles prospective application only.

The circuit court further stated: "The Court denies the instant motion only under the circumstances presented here, where Defendant has appealed the circuit court's ruling, the ruling was affirmed, and writ of certiorari denied."

Hermano timely filed her appeal from the Order Denying Motion to Vacate. On appeal, Hermano argues that the circuit

court should have granted her Motion to Vacate pursuant to HRCP Rule 60(b)(2), (3), (4), and (6).[3]

We review a trial court's denial of an HRCP Rule 60(b)(2), (3), or (6) motion to set aside a judgment or order under the abuse of discretion standard:

> It is well settled that the trial court has a very large measure of discretion in passing upon motions under Hawaiʻi Rules of Civil Procedure (HRCP) Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994) (brackets omitted) (quoting Paxton v. State, 2 Haw. App. 46, 48, 625 P.2d 1052, 1054 (1981)). An "abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant." State v. Jackson, 81 Hawaiʻi 39, 47, 912 P.2d 71, 79 (1996) (internal quotation marks and citations omitted). The determination of whether a judgment is void under HRCP Rule 60(b)(4) is not a discretionary issue, and we review the trial court's ruling on an HRCP Rule 60(b)(4) motion de novo. Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011) (discussing Hawaiʻi Family Court Rules (HFCR) Rule 60(b)); Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190,

---

[3]     HRCP Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

195, 268 P.3d 443, 448 (App. 2011) (discussing Federal Rules of Civil Procedure (FRCP) Rule 60(b)).[4]

In the present appeal, Hermano again seeks relief from the Summary Judgment/Foreclosure Decree and the Order Dismissing Counterclaim, which she challenged in Hermano I. Hermano's Motion to Vacate presented the same claims that we adjudicated on the merits in Hermano I.

"Res judicata . . . limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." E. Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 158, 296 P.3d 1062, 1066 (2013) (citing Dorrance v. Lee, 90 Hawaiʻi 143, 148-49, 976 P.2d 904, 909-10 (1999)). The doctrine prohibits parties from "relitigating a previously adjudicated cause of action." Id. (citing Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004)).

Upon the supreme court's rejection of Hermano's application for writ of certiorari, our decision in Hermano I became the final decision on the merits and the Foreclosure Judgment became final and binding. See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 36(d)(2). The doctrine of res judicata precludes Hermano from relitigating the validity of the Summary Judgment/Foreclosure Decree and the Order Dismissing Counterclaim as these challenges were subsumed under the Foreclosure Judgment. See Cent. Pac. Bank v. Frederick, No. CAAP-16-0000637, 2017 WL 2852733, at *2 (Haw. App. June 30, 2017) (SDO), cert. denied, No. SCWC-16-0000637, 2017 WL 4857129 (Haw. Oct. 26, 2017). Accordingly, the circuit court did not err in denying Hermano's Motion to Vacate.

---

[4]     HRCP Rule 60(b) is substantially similar to HFCR Rule 60(b) and materially similar to FRCP Rule 60(b). Wagner, 126 Hawaiʻi at 194 n.3, 268 P.3d at 447 n.3. Thus, "cases interpreting HFCR Rule 60(b) and FRCP Rule 60(b) are persuasive for purposes of interpreting HRCP Rule 60(b)." Id.; see Cvitanovich-Dubie, 125 Hawaiʻi at 142 n.15, 254 P.3d at 453 n.15.

6

Based on the foregoing, we affirm the October 16, 2017 "Order Denying Defendant Charito Labrador Hermano's Motion to Vacate the Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed March 5, 2013; and the January 31, 2013 Order Dismissing the Counterclaim, Filed March 16, 2017" entered in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, August 15, 2019.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant.

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
and Christina C. Macleod,
(Aldridge Pite, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge